| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

HARLEY ALEXANDER THORSON, §
§
    Plaintiff, §
§
versus §   CIVIL ACTION NO. 9:24-CV-144
§
POLK COUNTY DISTRICT ATTORNEYS §
OFFICE, *et al.*, §
§
    Defendants. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Plaintiff Harley Alexander Thorson, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against the Polk County District Attorneys Office and the Polk County Sheriffs Office.

    The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends granting the defendants' motion to dismiss.

    The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

    After careful consideration, the court concludes plaintiff's objections are without merit. A municipality such as Polk County can be found liable under Section 1983 only for a deprivation of a federally protected constitutional or statutory right that is inflicted pursuant to official policy or custom. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690-91 (1978). As the magistrate judge found, plaintiff's complaint is absent any allegation that the actions complained of were taken pursuant to official policy. Further, a governmental unit cannot be held liable for the acts of its employees solely on a theory of respondeat superior. *Valle v. City of*

*Houston*, 613 F.3d 536, 541 (5th Cir. 2010). Finally, prosecutors are absolutely immune from monetary liability for "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). Accordingly, the defendants' motion to dismiss should be granted.

### O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. It is

**ORDERED** that the defendants' motion to dismiss is **GRANTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 8th day of August, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE